IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DENISE GANGI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No.: |
| v. | ) | |
| | ) | _____ |
| DEEPGRIDS CORP., | ) | |
| PETER D. HORST, and | ) | |
| MATTHEW JEANTY, | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Denise Gangi ("Gangi" or "Plaintiff") brings this Complaint against Deepgrids Corp. ("Deepgrids"), Peter D. Horst ("Horst"), and Matthew Jeanty ("Jeanty") (collectively, "Defendants") for breach of contract and unjust enrichment as follows:

### Parties

1.      Plaintiff Denise Gangi is an individual residing in Georgia.

2.      Defendant Deepgrids is a company under the laws of the State of Delaware. Deepgrids may be served with process through their process server, Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE 19808.

3.      Defendant Horst is an individual residing in Virginia. Upon information and belief, Defendant Horst may be served with process at 306 S Union Street, Alexandria, Virginia 22314-3896

4.      Defendant Jeanty is an individual residing in Florida. Upon information and belief, Defendant Jeanty may be served with process at 618 S. E St., Lake Worth Beach, Florida 33460.

1

**Jurisdiction and Venue**

5.    There exists complete diversity of citizenship between Gangi and Defendants.

6.    Gangi is an individual residing in Georgia. Defendant Horst is an individual residing in Virginia, Defendant Jeanty is an individual residing in Florida, and Defendant Deepgrids is a corporation organized in the state of Delaware.

7.    Therefore, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the action arises between Plaintiff who is a citizen of the State of Georgia and Defendants who are citizens of the State of Virginia, the State of Florida, and the State of Delaware.

8.    The amount in controversy greatly exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests, costs, and attorneys' fees, as required to sustain subject-matter jurisdiction in this Court.

9.    As shown below, Gangi expended, *inter alia,* countless hours contributing knowledge, know-how, guidance, and methodology to the creation of the software at issue in this action. As a result, Plaintiff is entitled to reasonable compensation of at least $100,000.00.

10.    Defendants are subject to personal jurisdiction in this Court because they committed tortious acts in the State of Georgia and have satisfied sufficient minimum contacts in the State of Georgia.

11.    Defendants are cognizant that their wrongful conduct harmed and continues to harm Gangi in Georgia, where Gangi is based.

12.    Defendants have intentionally sought and obtained benefits from its tortious actions in the State of Georgia.

2

13. There is a reasonable and direct nexus between Defendants' tortious conduct in Georgia and the harm suffered by Plaintiff in Georgia and beyond.

14. Venue is proper because a substantial part of Defendants' infringing activities that give rise to this dispute occurred in this judicial district. (28 U.S.C. §§ 1391(a)(2) and 1391(b)(2)).

## Factual Allegations

15. On or about July 2025, Jeanty approached Gangi regarding her expertise on deal engagement workflow subject matter.

16. Due to Gangi's specific skills, Jeanty asked Gangi to join him as co-founder of Deepgrids.

17. On around July 2025, Gangi agreed to join Deepgrids as president and Chief Strategy Officer *(see,* Exhibit A).

18. Pursuant to the Agreement, on or around July 2025, Plaintiff began working on AI-based pricing optimization for Deepgrids.

19. From July 2025 to December 2025, Gangi handled go-to-market strategy and business operations, as well as provided consideration time, energy, and resources to Deepgrids, in anticipation of equity and a position with Deepgrids.

20. During that time, Gangi provided not only sweat equity, but additionally purchased assets in connection with getting the business running.

21. As part of Ms. Gangi's position as President and Chief Strategy Officer, Jeanty provided that "IP will be retained by the company, but we discussed negotiating some royalty agreement for you

as the person who initially conceived of the idea of this intended usage of a pricing optimization tool." *(see,* Exhibit A).

22. Ms. Gangi worked on the requested pricing tool, but was never paid a royalty, or any compensation, for her contributions.

23. Further, Gangi and Jeanty discussed at length her position and equity, including owning 23% of the company *(see,* Exhibit B).

24. In anticipation of this equity, Gangi provided months of services, including but not limited to, constructing models and providing valuable intellectual property that remain as the basis and foundation of Deepgrids, including but not limited to, the workflow tool and model.

25. Without warning, on or about December 17, 2025, Jeanty sent Plaintiff an e-mail confirming the board's decision to remove her as president and Chief Strategy Officer, effective immediately (the "Termination E-mail") *(see,* Exhibit C).

26. The Termination E-mail alleges that the total amount to be reimbursed is $4,941.00 for the hard assets contributed by Ms. Gangi *(see,* Exhibit C).

27. On or about December 17, 2026, Horst and Jeanty executed a Board Memorandum purporting to memorialize a Board vote to remove Gangi as President and Chief Strategy Officer. (*see*, Exhibit D).

28. On or about January 27, 2026, as a result of the foregoing, Gangi sent Defendants a Demand for Improper Termination demanding the money owed for her contributed time and intellectual property.

29. On or about January 28, 2026, Jeanty and Horst formed Defendant Deepgrids in Delaware, but failed to include Ms. Gangi in the Articles of Incorporation.

30. As of the date of this Complaint, Defendants have failed to adequately compensate Ms. Gangi for the substantial time, value, and services provided to Deepgrids in anticipation of equity and title at the company.

31. Upon information and belief, Jeanty and Horst intentionally induced Ms. Gangi to provide valuable resources and time by offering her a position and equity in Deepgrids.

32. Upon information and belief, neither Jeanty nor Horst ever intended to provide Ms. Gangi with any equity or position within Deepgrids.

33. Defendants have acted in bad faith, have been stubbornly litigious, and have caused Ms. Gangi unnecessary trouble and expense, and Ms. Gangi is entitled to attorneys' fees and expenses of litigation pursuant to Section 13-6-11 of the Official Code of Georgia, among other Georgia laws.

## COUNT I
### Breach of Contract (Jeanty & Horst)

34. Ms. Gangi repeats and realleges the allegations in Paragraphs 1-33 as if fully set forth herein.

35. Ms. Gangi and Jeanty entered into the Agreement in which she would be the President and Chief Strategy Officer, and would receive equity in Deepgrids.

36. Ms. Gangi accepted the positions and performed her duties, providing the requested value.

37. Neither Jeanty nor Horst provided Ms. Gangi with any equity, nor did she receive an official position.

38. Jeanty and Horst materially breached their obligations

5

under the Agreement by wrongfully terminating Ms. Gangi.

39.    For its breaches, Defendants are liable to Ms. Gangi for monetary damages at least in the amount of $100,000.

## COUNT II
### Unjust Enrichment *(in the alternative)*

40.    Ms. Gangi repeats and realleges the allegations in Paragraphs 1-33 as if fully set forth herein.

41.    As alleged herein, Defendants brought on Ms. Gangi to become the President and Chief Strategy Officer. Ms. Gangi provided considerable time and value to Deepgrids in her roles, including but not limited to her services, models, and other intellectual property.

42.    Defendants have refused to compensate Ms. Gangi for the services that she provided and that Defendants received.

43.    Defendants, thus, have been unjustly enriched in an amount of at least $100,000, if not more.

## COUNT III
### Promissory Estoppel (Jeanty)

44.    Ms. Gangi repeats and realleges the allegations in Paragraphs 1-23 as if fully set forth herein.

45.    As set forth above Jeanty made promises to provide Ms. Gangi with equity, royalty, and payment as an officer for her services.

46.    Ms. Gangi reasonably relied on Jeanty's representations that Jeanty would compensate Ms. Gangi for the services that he requested from her.

47.    Ms. Gangi provided the requested services; and, Jeanty accepted the requested services.

48.    Notwithstanding Jeanty's promises to compensate Ms.

Gangi, Jeanty has refused to pay for the requested services. Therefore, Jeanty ought to be estopped to deny its obligation to compensate for the services Ms. Gangi provided at the request of Jeanty.

49.    Ms. Gangi is entitled to recover from Jeanty damages equivalent to the value of the services provided to Jeanty, accepted by Jeanty and not yet paid for by Jeanty in an amount not less than $100,000.

## COUNT IV
## Quantum Meruit *(in the alternative)*

50.    Ms. Gangi repeats and realleges the allegations in Paragraphs 1-33 as if fully set forth herein.

51.    Ms. Gangi performed valuable services for Defendants. Defendants accepted those services, and Defendants have failed to pay the reasonable value of those services.

52.    Ms. Gangi is entitled to recover from Defendants damages equivalent to the value of the services provided to Defendants, accepted by Defendants, and not yet paid for by Defendants in an amount not less than $100,000.

## COUNT V
## ATTORNEYS FEES

53.    Ms. Gangi repeats and realleges the allegations in Paragraphs 1-33 as if fully set forth herein.

54.    At all times, Defendants have acted in bad faith and have caused Ms. Gangi unnecessary trouble and expense. Accordingly, pursuant to O.C.G.A. § 13-6-11, Ms. Gangi is entitled to recovery of its litigation expenses, including but not limited to its reasonable attorneys' fees.

## JURY DEMAND

Ms. Gangi demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Gangi requests the following relief against Defendants:

(a)    For actual damages;

(b)    Pre-judgment interest at the rate of 7% pursuant to O.C.G.A. § 7-4-2;

(c)    Post-judgment interest at the rate of 6.25% pursuant to O.C.G.A. § 7-4-12

(d)    Attorneys' fees and costs for Defendants' bad faith, stubborn litigiousness, and causation of unnecessary trouble and expense pursuant to O.C.G.A. § 13-6-11; and

(e)    For such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of March, 2026.

/s/ Kendall W. Carter
**ZACHARY C. EYSTER**
Georgia Bar No. 192335
zach@aspire.law
*Lead Counsel*

**KENDALL W. CARTER**
Georgia Bar No. 114556
kendall@aspire.law

Aspire Law
1100 Peachtree Street NE
Ste. 200
Atlanta, GA 30309
(404) 965-3045